## RICHARD W. GREENE *v.* MARINUS W. GARDINER, City Treasurer.

R. W. G., who had a double residence in the towns of W. and P. was, in December, 1856, taxed for personal property in the town of W. where he had been a tax-payer and voter for several years. On the 31st day of March, 1857, a tax-act went into operation, which provided, that persons should be taxable for their personal estate in the towns in which they had their actual abode for the greater portion of the twelve months next preceding the first day of April in each year. *Held,* that R. W. G. having had his actual abode in the town of P. for more than six months next before the first day of April, 1857, was, in the September of that year, taxable for his personal property, in the town of P.; and that the tax act was not made to retroact, by taking into account R. W. G.'s place of actual abode prior to its going into operation, in order to ascertain his place of taxation under it, after it went into operation.

ASSUMPSIT to recover the sum of $767.25, with interest from the 9th day of February, 1859, for taxes on personal property to that amount, claimed by the plaintiff to have been illegally assessed against him in the year 1857, and paid by him under protest.

Upon the trial of the case, under the general issue, before the court, to whom the same was submitted both in law and fact, it was admitted, that in December, 1856, the plaintiff was domiciled in the town of Warwick, where he had a farm and coun-

try residence; and though he had a town-house in Providence and lived there during the winter and spring months, that for several years previous he had been a tax-payer and voter in Warwick; that in December, 1856, the plaintiff was assessed in that town upon his personal estate as an inhabitant thereof, and paid said tax on the February following, his receipt from the collector of Warwick stating that he had paid the tax for the fiscal year 1857; that the practice in Warwick had for a number of years been, to order, in November, an annual tax for general purposes to be assessed in December, and that this practice was pursued in the years 1856 and 1857; that the practice in Providence had long been, to order, in May, an annual tax to be assessed in September; that the plaintiff had his actual abode in Providence for more than six months next preceding the first day of April, 1857, and was in that year taxed for his personal property in Providence, and not in Warwick; and this tax was the one which was paid by the plaintiff under protest, and sought to be recovered in this action.

*T. C. Greene,* with whom was *R. W. Greene,* for plaintiff.

The tax-act of January session, 1857, which went into effect on the 31st day of March, 1857, introduced a new rule as to the place of taxation for personal property of persons having a double residence; substituting for domicil, according to the election of the resident, the test of actual residence for the majority of the twelve months next preceding the 1st day of April, in each year. At the time when the law went into operation the plaintiff was a tax-payer in Warwick, and in December, 1856, had paid to that town a tax on his personal property for the fiscal year 1857. To allow Providence to tax the plaintiff in September, 1857, because he had resided in that town for the major part of the twelve months next preceding the 1st day of April, 1856, all of which occurred prior to the statute's going into operation, would be to make the statute retroact to the deprivation of Warwick of a tax due to her, as well as to the injury of the plaintiff. There cannot be two co-existent rights in different towns to tax the same person for personal property at the same time. The language of the act indicates that the residence must precede the right to tax; and to make the plain-

tiff taxable in Providence in 1857, you must go back into the year 1856, when he was taxable in Warwick, and in fact taxed there for the fiscal year 1857.

*Clarke*, city solicitor.

The different towns of the state have a right to tax for legitimate purposes as often as they will. Ordinarily, it is true, they impose their general taxes but once a year : in Providence, to give more time to collect the tax, earlier, in September, and in the smaller town of Warwick, later, in December. If the tax of Warwick, in 1856, was, as contended, for the fiscal year 1857, so was the tax of Providence for that year; and when the plaintiff was taxed in Providence in 1857, in which year it is agreed that he was not taxed in Warwick, upon his own construction, it was for the fiscal year 1858, which is perfectly consistent with, his having been taxed by Warwick in 1856, for the fiscal year 1857. The truth is, that in legal contemplation, as well as in fact, each town taxes not for future, but current, expenses, when it pleases, and as much as it pleases. The act of 1857, which established the status of tax-payers under it, does not retroact, but merely determines the place of future taxation of persons having a double residence, by the test where, before a certain period in the year the tax is laid, they have enjoyed the greatest share of municipal benefits and protection. The great practical objection to allowing the plaintiff to recover in this action is, that if Providence does not retain this tax for his personal estate in the year 1857, as he was not taxed for it in Warwick in that year, he will be, to that extent, deprived of the pleasure of contributing to the public burdens.

AMES, C. J. The evil designed to be remedied by the clause of the tax-act of 1857, upon which this case turns, is well understood. Persons having a double residence, in town and country, would not unfrequently select the latter as their domicil, though' they spent only the summer months there, for the purpose of escaping, so far as their personal property was concerned, the higher rate of town taxation, whilst they enjoyed, during the greater portion of the year in town, all the comforts and conveniences secured by it. Instead, therefore, of the old rule, the act of 1857, which went into effect on the 31st day of March

of that year, provided, that " all ratable personal property shall be taxed in the town where the owner shall have had his actual place of abode for the larger portion of the twelve months next preceding the 1st day of April in each year." Rev. Stats. ch. 38, § 10.

Under this provision, the plaintiff, who had theretofore been taxed in the town of Warwick, where he had a country-place, was in September, 1857, assessed upon his personal property in the city of Providence, — the place of his actual abode for the larger portion of the twelve months next preceding the 1st day of April in that year; and, having paid the tax under protest, now seeks to recover it back from the city in this action. The ground of recovery set up by him is, that being a tax-payer in Warwick when this act went into operation, and having paid a tax rightfully assessed against him in that town in December, 1856, as he claims, for the year 1857, to allow him to be taxed in another town during the term elapsing between December, 1856, and December, 1857, and on the ground of an actual abode in Providence prior to the time when the act of 1857 went into operation, would make the law of 1857 retroact to his injury, and to the injury of the town of Warwick. As it is admitted that he was not taxed in Warwick in December, 1857, the injury to Warwick from allowing Providence to retain the tax collected of the plaintiff for that year, is not so obvious as the benefit which the plaintiff will derive from one year's immunity from taxation on his personal estate, if he can compel Providence to refund the amount of this tax.

Without, however, looking at the practical consequences, in his own favor, of the ground taken by the plaintiff, we are all satisfied that it cannot be maintained. The towns may, for the purposes allowed by law, tax property ratable by them when, and as often, as they will; and although they usually tax for general purposes but once a year, it is not exclusively for the expenses of the future year, but for the expenses of the current year, incurred and to be incurred. We have no evidence that the custom of Warwick in this respect differs from that of Providence; although the larger town assesses its annual tax earlier in the year than the smaller, in order that it may have,

21 *

as is necessary, more time to collect it, and thus be able to meet
as promptly its annual expenses.

The plain truth is, that the plaintiff sets up the fact that he
paid, under the law as it then stood, a tax on his personal estate,
in Warwick, in 1856, as a reason why he should not pay, under
the law as it now stands, a tax upon his personal estate in
Providence, in the year 1857, where alone for that year he has
been taxed.    This is no case of double taxation, since it is for
different years; and the plaintiff's real cause for complaint is
reduced to this, that he is assessed earlier by three months in the
year 1857, in Providence, than he was in the year 1856, in War-
wick.    We have no control over the discretion of either town
in this respect, and if we had, we see no reason to doubt that
both have exercised it in the way most beneficial to each.

Nor do we see how, in any offensive sense, the new provision
of the act of 1857 is made to retroact, if in ascertaining where
the plaintiff is taxable for personal estate under it, regard is
had to what was his place of actual abode prior to the pas-
sage of the act.    To cure an existing evil, the act was designed
to affect the rights of the towns to tax persons having a double
residence; and can in no proper sense be said to retroact,
because it looks to past events or facts to ascertain the place of
*future* taxation.    As well, for the same reason, might it have
been said to retroact, if it had provided that for the future per-
sons should be taxed for their personal estate in the towns in
which they had been born, or been married, or in which they
had lived ten years, if born, married, or so long living, in any
town within the state.    The act simply declares to the plaintiff
and others who have the advantage of a double residence,
" You *have been* taxed for your personal property in the town
which you selected out of the two in which you lived; but you
*shall be* taxed in that in which you have lived a major part of
the twelve months next preceding the 1st day of April in each
year."

In fine, we see no reason why the plaintiff should not have
been taxed, in the year 1857, for his considerable personal estate,
in the only town in which he has been taxed, or, under the law,
could have been taxed, in that year; and, accordingly, order

judgment to be rendered in this suit for the city treasurer of Providence, for his costs.